UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Edward Abrams (Y11009), | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 23 C 16174 |
| | ) | Hon. April M. Perry |
| | ) | |
| B. Kelly, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT KELLY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, B. Kelly ("Defendant"), by and through his attorneys, Reifers Holmes & Peters, LLC, answers Plaintiff's Complaint and pleads affirmative defenses to the allegations therein contained.

1. This is an action for civil damages brought pursuant to 42 U.S.C. Section 1983 for the deprivation of Plaintiff's constitutional rights. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**Answer: Defendant only admits that Plaintiff purports to bring his Complaint pursuant to 42 U.S.C. §1983 and that jurisdiction is proper. Defendant denies the remaining allegations in Paragraph 1.**

2. Venue in this District is proper pursuant to 28 U.S.C. Sec 1391(b) because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**Answer: Defendant admits that venue is proper but denies the remaining allegations in Paragraph 2.**

3. Plaintiff, Edward Abrams, is the individual who at all times relevant hereto were living in the Northern District of Illinois.

1

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.**

4. Defendants, were at all times material hereto, employed by the Cook County Jail. These Defendants were responsible for the care, custody, safety, and welfare of the Plaintiff while he is detained in the Cook County Jail.

**Answer: Defendant only that at all relevant times referenced in Plaintiff's Complaint that he was employed by the Cook County Sheriff's Office as a sworn law enforcement officer. Defendant denies the remaining allegations in Paragraph 4.**

5. Defendant B. Kelly #15797 is empowered and directed to pay and judgment for compensatory damages, and associated attorney's fees and costs, for which any officer acting within the scope of his employment is found liable.

**Answer: Defendant denies the allegations in Paragraph 5.**

6. Defendant Cook County Sheriff Thomas Dart ("Dart") is, and at all times material to the events complained of in this Complaint, the elected sheriff of Cook County in his official capacity. As sheriff of Cook County, Dart is the senior most person responsible for the operation of the Cook County Department of Corrections, including the creation and implementation of its policies and procedures with respect to the care and custody of pre-trial detainees.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.**

7. On May 19, 2022, Plaintiff, Edward D. Abrams, were a detainee in Cook County Jail where he was confined as a pre-trial detainee.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.**

## COUNT I
### (Pendant state claim of common law battery)

8. The defendant officers caused physical injuries to the Plaintiff without any provocation or lawful justification and thereby committed a battery on the Plaintiff.

**Answer: Defendant denies the allegations in Paragraph 8.**

9. Correctional officer B. Kelly #15797 used brutal excessive force when after an altercation led to John Doe #1, John Doe #2 taking Plaintiff to the ground, Defendant ran up at least 10 feet from afar and began striking Plaintiff with a closed fist (approximately 12 times) in his facial area, while he was restrained by other officers in handcuffs and laying on his chest and stomach posing no threat.

**Answer: Defendant denies the allegations in Paragraph 9.**

10. The unlawful conduct of the Defendant officers was willful and wanton and proximately caused great bodily harm and psychological injuries to Plaintiff's right eye and head area.

**Answer: Defendant denies the allegations in Paragraph 10.**

Wherefore, Plaintiff (Edward D. Abrams) ask judgment against Defendants (B. Kelly, John Doe #1, John Doe #2) in a sum sufficient to compensate the Plaintiff for his injuries.

**Answer: Defendant denies any wrongdoing or liability. Defendant further denies that Plaintiff is entitled to relief.**

## COUNT II
### (Violation of Eighth Amendment Rights)

11. Plaintiff re-alleges and incorporates Paragraph (1-all) as fully stated herein.

**Answer: Defendant re-alleges and re-incorporates those specific objections to Paragraph 1-all above.**

12.     Defendants B. Kelly #15797 intended and caused the Plaintiff to suffer great physical and emotional harm.

**Answer: Defendant denies the allegations in Paragraph 12.**

13.     The actions of the Defendants (B. Kelly #15797, John Doe #1, John Doe #2) resulted in a deliberate and malicious deprivation of Plaintiff's constitutional rights as guaranteed to the Plaintiffs by the Eighth Amendment to the Constitution, as made applicable to the states by the Fourteenth Amendment.

**Answer: Defendant denies the allegations in Paragraph 13.**

Wherefore, Plaintiff ask judgment against Defendants (B. Kelly #15797, John Doe #1, John Doe #2) in a sum sufficient to compensate them for the wrongful deprivation of civil rights, and for punitive and exemplary damages, plus costs and reasonably attorney's fees.

**Answer: Defendant denies any wrongdoing or liability. Defendant further denies that Plaintiff is entitled to relief.**

## COUNT III
### (Cook County Jail Correctional Officers)

14.     Plaintiff re-alleges and incorporates Paragraph (1-all) above as fully stated herein.

**Answer: Defendant re-alleges and re-incorporates those specific objections to Paragraph 1-all above.**

15.     Defendants (B. Kelly #15797, John Doe #1, John Doe #2) Correctional Officers having full knowledge of Defendant (CCDOC Officer B. Kelly #15797) misconduct and above abuse outlined above, knowingly and intentionally failed to take any action to protect the Plaintiff, thereby allowing Edward D. Abrams abuse to occur without intervention, which John Doe #1, John Doe #2 allowed Defendant liable B. Kelly #15797 to physically harm a pre-trial detainee.

**Answer: Defendant denies the allegations in Paragraph 15.**

16. In allowing Defendant's misconduct and abuse of the Plaintiff, and in doing nothing to stop the abuse, the Defendant intended and caused the Plaintiff to suffer great physical and emotional harm.

**Answer: Defendant denies the allegations in Paragraph 16.**

17. The actions of the Defendant (B. Kelly #15797, John Doe #1, John Doe #2) resulted in a deliberate and malicious deprivation of Plaintiff's constitutional rights as guaranteed to the Plaintiff by the Fourth Amendment of the constitutional rights of the Constitution, as made applicable to the states by the Fourteenth Amendment.

**Answer: Defendant denies the allegations in Paragraph 17.**

Wherefore, Plaintiff (Edward D. Abrams) ask judgment against Defendants (B. Kelly #15797, John Doe #1, John Doe #2), correctional center Sheriff Thomas Dart, and Cook County, in a sum sufficient to compensate them for the wrongful deprivation of their civil rights, for punitive and exemplary damages, plus costs and reasonable attorney's fees.

**Answer: Defendant denies any wrongdoing or liability. Defendant further denies that Plaintiff is entitled to relief.**

## AFFIRMATIVE DEFENSES

Defendant, by and through his attorneys, Reifers Holmes & Peters, LLC, sets forth the following affirmative defenses:

1. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

2. Local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Moreover, an official capacity suit itself. *Guzman*

*v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Therefore, to the extent Defendant was named in his official capacity and Plaintiff may seek punitive damages he are immune from having to pay punitive damages to Plaintiff.

3. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

4. Plaintiff's Complaint in whole or part fails to state a cause of action.

5. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (hereinafter "PLRA"). See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004). At all relevant times and the date of filing, Plaintiff was a prisoner as defined in the PLRA. 42 U.S.C. § 1997. The PLRA prohibits civil actions "brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. Plaintiff's claims are barred for failure to exhaust his administrative remedies.

6. The Illinois Tort Immunity Act shields Defendant Kelly from any supplemental state law claims because Defendant Kelly acted neither willfully nor wantonly toward Plaintiff at any time. 745 ILCS 10/2-202.

7. The Illinois Tort Immunity Act shields Defendant Kelly from any supplemental state law claims for injuries resulting from the creation or omission of discretionary policies. 745 ILCS 10/2-201. Plaintiff's allegations involve discretionary policies about jail administration and should be barred because they establish no basis for liability under the Tort Immunity Act.

Defendant reserves the right to amend his affirmative defenses at any point throughout the

course of discovery.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendant denies that Plaintiff is entitled to any damages, declaratory relief, injunctive relief, costs, or fees. Defendant prays that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Dated: November 13, 2025.                    Respectfully submitted,

/s/ Tyler Roland
Tyler Roland (Bar No.6287217)
Jessica Lewis (Bar No. 6342440)
**Reifers Holmes & Peters, LLC**
120 North LaSalle Street, Suite 950
Chicago, IL 60602
(312)520-5435
troland@rhpfirm.com
jlewis@rhpfirm.com

***Counsel for Defendant B. Kelly***

7

## **CERTIFICATE OF SERVICE**

      I certify that on this 13th day of November 2025, the foregoing document has been served via the courts CM/ECF filing system and via mail to the following counsel of record:

Edward Abrams, Y11009  
Joliet Treatment Center  
2848 McDonough Street  
Joliet, IL 60436

*Pro Se*

                                                  */s/ Tyler Roland*  
                                                  Tyler Roland